UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CORNELIUS LORENZO WILSON                     CIVIL ACTION

VERSUS

DENNIS GRIMES, ET AL.                        NO. 15-00680-JJB-RLB

**RULING**

Before the Court is a *Motion to Dismiss for Misjoinder or, in the Alternative, to Sever and Transfer Claims to the Western District of Louisiana, Monroe Division* filed on behalf of Defendants, Jackson Correctional Center, LLC, LaSalle Corrections, LLC, and Timothy Ducote ("Jackson Parish Defendants").[1] Plaintiff, Cornelius Wilson, has filed an *Opposition*[2] to which the Jackson Parish Defendants have filed a *Reply*.[3] Also before the Court is a *Motion to Dismiss for Misjoinder, or, in the Alternative, to Sever and Transfer Claims to the Western District of Louisiana, Lake Charles Division* filed by Defendant, The GEO Group, Inc.[4] Plaintiff opposes the *Motion*.[5] The Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. Oral argument is not necessary. For the following reasons, the Defendants' *Motions* shall be granted.

I.  **Brief Factual and Procedural History**

During his incarceration as both a pretrial detainee within the custody of East Baton Rouge Parish Prison (EBRPP) and as a convicted inmate with the Louisiana Department

---

[1] Doc. 104.
[2] Doc. 112.
[3] Doc. 115.
[4] Doc. 111.
[5] Doc. 116.

1

of Corrections (DOC) at numerous public and private facilities, Wilson claims that he received inadequate medical care for untreated and undiagnosed throat cancer that has resulted in the loss of his vocal chords and ongoing pain and suffering.  In his original *Pro Se Complaint*[6] and *First Amended Complaint*,[7] filed by counsel, Wilson asserted various federal and state law claims against fourteen defendants, including individuals and entities associated with Jackson Parish Correctional Center in Jonesboro, Louisiana, and Allen Correctional Center in Kinder, Louisiana, arising out his medical treatment.

From February of 2015 until October of 2015, Plaintiff claims that he made repeated complaints to various individuals at EBRPP about his sore throat, but he was only treated by the medical staff with antibiotics, expectorants, and steroids.[8]  Plaintiff claims that his condition did not improve, and EBRPP's medical staff and personnel should have referred to him to an Ear, Nose, and Throat (ENT) specialist or to a facility that could examine his vocal chords with a scope.[9]  On or about October 9, 2015, Wilson claims that an employee of EBRPP and/or Prison Medical Services scheduled a TeleMed appointment for him with an ENT physician at Our Lady of the Lake Hospital on October 28, 2015.[10]  Although the TeleMed appointment proceeded as planned, the video did not work for the examination.[11]  At that time it was determined that another appointment needed to be scheduled where Plaintiff's vocal chords could be examined in person using a scope.[12]  Immediately following his October 28, 2015 appointment, the Louisiana

---

[6] Doc. 1.
[7] Doc. 36.
[8] Doc. 36, pp. 14-21.
[9] Doc. 36, pp. 14-21.
[10] Doc. 36, p. 21, ¶ 84.
[11] Doc. 36, p. 21, ¶85.
[12] Doc. 36, p. 21, ¶85.

2

Department of Corrections ("DOC") transferred Plaintiff from EBRPP to Jackson Parish Correctional Center ("JPCC").[13]

During the month Plaintiff was incarcerated at JPCC, Plaintiff claims to have "complained through appropriate avenues at JPCC about the ongoing and worsening condition of his throat and voice."[14] Plaintiff also claims that his medical file should have contained information about his need to have his vocal chords examined by a scope. And yet, despite their knowledge of Wilson's ongoing discomfort, the medical staff and personnel of LaSalle Corrections, LLC (LaSalle) and Jackson Correctional Center, LLC (JCC)--two private companies allegedly contracted by the DOC to manage and operate the JPCC--never evaluated Wilson's vocal chords or scheduled an appointment for Wilson to have his vocal chords evaluated by "an appropriate physician with access to a scope."[15] On or about November 23, 2015, the DOC transferred Plaintiff from JPCC to Elayn Hunt Correctional Center ("Elayn Hunt").[16]

While at Elayn Hunt, Plaintiff claims that he complained about the worsening condition of his throat and voice through appropriate avenues, and on one occasion, he showed Elayn Hunt personnel blood that he had coughed up on a tissue.[17] Although Plaintiff's medical condition was known and in his medical files, and his discomfort was apparent, Elayn Hunt medical staff never evaluated Wilson's vocal chords and never arranged for him to be taken to a facility where his vocal chords could have been

---

[13] Doc. 36, p. 21, ¶86.
[14] Doc. 36, p. 22, ¶88.
[15] Doc. 36, p. 22, ¶89.
[16] Doc. 36, p. 22, ¶90.
[17] Doc. 36, p. 22, ¶92.

examined by scope.[18] On or about December 28, 2015, the DOC transferred Wilson from Elayn Hunt to Allen Correctional Center in Kinder, Louisiana.[19]

While at Allen Correctional Center, Plaintiff alleges that he complained through the appropriate channels about the worsening condition of his throat and voice.[20] Although the medical staff had Plaintiff's medical file and knew of his discomfort, Allen Correctional Center medical staff never evaluated Wilson's vocal chords.[21] The medical staff of Allen Correctional Center did arrange for Plaintiff to see a physician at University Hospital. On February 29, 2016, Dr. Rachel Barry, an otolaryngologist, conducted a laryngoscopic examination of Wilson's vocal chords and discovered a large tumor on his left false vocal cord.[22] After additional testing, including a biopsy, it was determined that Wilson had squamacell carcinoma cancer.[23] On March 31, 2016, doctors performed a total laryngectomy with bilateral neck dissections.[24]

Wilson returned to Allen Correctional Center on April 11, 2016.[25] He claims that despite repeated requests, medical staff did not supply Wilson with necessary medical equipment to remove the excess mucus and liquid from the stoma on his throat.[26]

Subsequently, the DOC transferred Wilson to Elayn Hunt so he could undergo six weeks of radiation treatment in Baton Rouge.[27] While at Elayn Hunt, Plaintiff claims that he requested a smaller laryngectomy tube but medical staff refused to provide one.[28]

---

[18] Doc. 36, p. 22, ¶¶91 and 93.
[19] Doc. 36, p. 23, ¶94.
[20] Doc. 36, p. 23, ¶95.
[21] Doc. 36, p. 23, ¶97
[22] Doc. 36, p. 23, ¶¶98-99.
[23] Doc. 36, p. 23, ¶¶100-102.
[24] Doc. 36, p. 24, ¶103.
[25] Doc. 36, p. 24, ¶104.
[26] Doc. 36, p. 24, ¶104.
[27] Doc. 36, p. 24, ¶105.
[28] Doc. 36, p. 24, ¶106.

Wilson also claims that, in spite of his complaints, Elayn Hunt's staff continued to use a van without air conditioning to transport him to his radiation treatments, which exposed him to vehicular exhaust and extreme summer heat causing him significant and unnecessary pain and discomfort.[29] On July 19, 2016, Wilson concluded his radiation treatment.[30]

As a result of the flooding in the Baton Rouge area, Wilson was transferred to Louisiana State Penitentiary (LSP) in September of 2016.[31] He claims that LSP does not have the required equipment to drain and suction his stoma, and that he has not received any physical or speech therapy as prescribed by his treating physicians.[32]

On October 14, 2015, Plaintiff filed a *Pro Se Complaint* against the EBRPP Defendants[33] asserting Eighth Amendment deliberate indifference claims to his medical needs, and state law claims of negligence and intentional infliction of emotional distress.[34] Almost one year later, Plaintiff, represented by counsel, filed a *First Amended Complaint* adding several new Defendants, including the Warden of JPCC, Timothy Ducote (Ducote), and the management entities contracted by the DOC to operate the JPCC—LaSalle Corrections, LLC, and Jackson Correctional Center, LLC. Wilson also added The Geo Group, Inc. (Geo) as a Defendant because it is a private company contracted by the DOC to manage the operations of the Allen Correctional Center.[35] Wilson

---

[29] Doc. 36, p. 24, ¶107.
[30] Doc. 36, p. 24, ¶109.
[31] Doc. 36, pp. 24-25, ¶110.
[32] Doc. 36, p. 25, ¶¶112 and 113.
[33] The original *Complaint* asserted Eighth Amendment claims of deliberate indifference and for pain and suffering against Sheriff Sid. Gautreaux, III, Warden Dennis Grimes, "Linda Ottesen, Dr. Bridges, Dr. Whitfield, The Company Contract to Provide Medical Care at the East Baton Rouge Parish Prison." Doc. 1-1, Relief, p. 1.
[34] Doc. 1 and Doc. 1-1.
[35] Plaintiff claims that "Geo was responsible for the provision of all staffing, training, policies and procedures for all medical personnel at Allen Correctional Center. Geo is vicariously liable for the constitutional and

reasserted his original Eighth Amendment deliberate indifference claims, but also asserted failure to supervise/train[36] claims against certain Defendants, including Ducote, and *Monell*[37] claims based on the Eighth Amendment against certain Defendants, including JCC, LaSalle, and Geo.[38]

The Jackson Parish Defendants and Geo move for the dismissal of Plaintiff's claims on the grounds of misjoinder. In the alternative, the Defendants request that the Court sever and transfer the claims against them to the appropriate Federal District Court in the Western District of Louisiana.[39]

## II. LAW AND ANALYSIS

Under Rule 20(a)(2), permissive joinder of defendants is proper if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
(B) any question of law or fact common to all defendants will arise in the action.

In other words, "Rule 20 requires that all of the [plaintiff's] claims arise out of the same transaction or occurrence and there is a common issue of fact or law."[40] However, "[i]n

---

statutory violations experienced by Mr. Wilson while in the custody of Allen Correctional Center." Doc. 36, p. 12, ¶37.

[36] Wilson asserted an Eighth Amendment failure to supervise claim against Defendants Sheriff Sid J. Gautreaux, III, Grimes, Linda Ottensen, James M. LeBlanc, Timothy Ducote, LaSalle Corrections, LLC, Jackson Correctional Center, LLC, Robert Tanner, Darrel Vannoy, Timothy Hooper, and The Geo Group, Inc. Doc. 36, Count 2, pp. 33-35.

[37] Wilson asserted an Eighth Amendment *Monell* claims based on the establishment of policies, patterns, or practices pursuant to which inmates with serious medical conditions are denied access to appropriate medical care against Defendants Sheriff Sid J. Gautreaux, III, City of Baton Rouge/Parish of East Baton Rouge Consolidated Government, James M. LeBlanc, LaSalle Corrections, LLC, Jackson Correctional Center, LLC, and The Geo Group. Doc. 36, Count 4, pp. 36-38.

[38] As for the state law claims, Wilson asserts that Sheriff Sid J. Gautreaux, III, the City of Baton Rouge/Parish of East Baton Rouge Consolidated Government, James M. LeBlanc, LaSalle Corrections, LLC, Jackson Correctional Center, LLC, and The Geo Group are liable for their employees under the doctrine of *respondeat superior*. Doc. 36, Count 8, p. 40.

[39] The Jackson Parish Defendants seek transfer to the Western District of Louisiana, Monroe Division. The Geo Groups seeks transfer of Plaintiff's claims to the Western District of Louisiana, Lake Charles Division.

[40] *Applewhite v. Reichhold Chemicals, Inc.*, 67 F.3d 571, 574 n.11 (5th Cir. 1995).

6

the absence of a connection between Defendants' alleged misconduct, the mere allegation that plaintiff was injured by all defendants is not sufficient [by itself] to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)."[41]

In the event of misjoinder, the court may sever the claims against the misjoined party pursuant to Fed. R. Civ. P. Rule 21.

Rule 21 of the Federal Rules of Civil Procedure provides the following:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, or just terms, add or drop a party. The court may also sever any claim against any party.

As set forth in Rule 21, to remedy improperly joined parties, the court should not dismiss the action outright. However, the Court "may, at any time, on just terms, add or drop a party."[42]

Additionally, in the context of prisoner-litigation, "[r]equiring parties to assert unrelated claims against different defendants in separate complaints avoids unduly cumbersome litigation, and … ensures that prisoners pay the fees required under the Prison Litigation Reform Act, 28 U.S.C. §1915(g) for each suit."[43]

In this case, Plaintiff argues that joinder is proper because each of his claims against each of the Defendants arise "out of the same occurrence" and "arise from the same set of operative facts."[44] Specifically, that Wilson complained of the exact same symptoms and asked for the same remedy at each facility and was met with the same response—inaction or denial of his request. Therefore, each of the Defendant's acts or

---

[41] *Peterson v. Regina*, 935 F.Supp.2d 628, 638 (S.D.N.Y. Mar. 28, 2013)(quoting *Deskovic v. City of Peekskill*, 673 F.Supp.2d 157, 167 (S.D.N.Y 2009)).
[42] *West Coast Productions, Inc. v. Swarm Sharing Hash Files*, No. 6:12-cv-1713, 2012 WL 3560809, *2 (W.D.La. Aug. 17, 2012).
[43] *Spurlock v. Jones*, Docket No. 16-cv-1031, 2016 WL 7436478, *3 (W.D.La. Oct. 19, 2016). In this case, the Plaintiff was granted permission to proceed *in forma pauperis*.
[44] Doc. 112, p. 1 and 3; Doc. 116, p. 1 and 3.

omissions exhibit deliberate indifference to his constitutional right to adequate medical care.

The Court finds that Plaintiff's joinder argument fails. After reviewing the Plaintiff's *Complaints*, it is evident that the alleged acts of deliberate indifference occurred on different dates, at five (5) different correctional facilities, by different actors, and in different ways. In other words, and contrary to the Plaintiff's argument otherwise, his claims against each of the Defendants does not arise out of the same occurrence or involve the same set of operative facts. Rather, the only common factor among Plaintiff's claims is the Plaintiff himself. Therefore, the factual basis for Plaintiff's claims of alleged deliberate indifference varies from one institution to the next.

For example, unlike the other prison/correctional facility entities that allegedly failed to refer Plaintiff to a physician with appropriate medical devices to examine his throat, Plaintiff claims that the Allen Correctional medical staff did refer and bring him to an outside physician for an examination. Plaintiff's additional contention that Allen Correctional medical staff acted with deliberate indifference by failing to provide him with the equipment necessary to drain his stoma post-surgery, is factually unique to Allen Correctional and the policies and practices of Geo. As for Plaintiff's claims against the Jackson Parish Defendants, they involve separate actions or inactions taken by medical staff pursuant to the policies and practices of LaSalle and JCC, while the Plaintiff was incarcerated at the JPCC in November of 2015. Wilson's claims against Warden Ducote are likewise factually unique to the JPCC. As construed by the Court, Plaintiff's claims of deliberate indifference arising out of his medical treatment at the JPCC and Allen

Correctional have no factual relationship to each other, or any other Defendant facilities in this case.

Additionally, the fact that Plaintiff has asserted that all of the individual facilities acted with deliberate indifference to his requests for the same medical treatment does not make joinder proper. As one district court recently explained: "It is settled that joinder is improper where 'the plaintiff does no more than assert that the defendants merely committed the same type of violation in the same way.'"[45]

Accordingly, the Court finds that joinder of the Jackson Parish Defendants and Geo was improper. Plaintiff's claims against these Defendants shall be dismissed without prejudice so that he may refile his claims in the Western District of Louisiana (if he so chooses).

### III. CONCLUSION

For the foregoing reasons, the *Motion to Dismiss for Misjoinder or, in the Alternative, to Sever and Transfer Claims to the Western District of Louisiana, Monroe Division*[46] filed on behalf of Defendants, Jackson Correctional Center, LLC, LaSalle Corrections, LLC, and Timothy Ducote, and the *Motion to Dismiss for Misjoinder, or, in the Alternative, to Sever and Transfer Claims to the Western District of Louisiana, Lake Charles Division* filed by Defendant, The GEO Group, Inc, are hereby GRANTED.[47]

---

[45] *Peterson*, 935 F.Supp.2d at 638.
[46] Doc. 104.
[47] Doc. 111.

Plaintiff's claims against Defendants, Jackson Correctional Center, LLC, LaSalle Corrections, LLC, Timothy Ducote, and The GEO Group, Inc. are hereby DISMISSED WITHOUT PREJUDICE.

Signed in Baton Rouge, Louisiana, on May 31, 2017.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**