# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CORNELIUS LORENZO WILSON**

**VERSUS**

**DENNIS GRIMES, ET AL.**

**CIVIL ACTION**

**NO. 15-680-JJB-RLB**

## ORDER

Before the Court is Defendants' Motion to Stay Discovery (R. Doc. 159) filed on September 15, 2017. The Motion is opposed. (R. Doc. 166). Also before the Court is Defendants' Motion to Reset Discovery Deadlines (R. Doc. 160) filed on September 15, 2017, to which no opposition has been filed.

### I.     Background

On October 14, 2015, Cornelius Lorenzo Wilson ("Plaintiff") initiated this instant litigation, alleging violation of the Eighth Amendment by Defendants for an alleged failure to provide proper medical care, and seeking an injunction and monetary damages. (R. Doc. 1).

On July 13, 2017, the Court granted Plaintiff leave to file his Second Amended Complaint (R. Doc. 138), which brings claims pursuant to 42 U.S.C. § 1983, and the First, Eighth, and Fourteenth Amendment rights of the U.S. Constitution.

While no answers or affirmative defenses have been filed to the Plaintiff's Second Amended Complaint, Defendants Dennis Grimes and Sid J. Gautreaux, III filed a Motion to Dismiss Second Amended Complaint (R. Doc. 146) on August 14, 2017, Defendants Linda Otteson and the City of Baton Rouge/Parish of East Baton Rouge o/b/o Prison Medical Services filed a Motion to Dismiss (R. Doc. 148) on August 21, 2017, and Defendants Secretary James LeBlanc, Warden Robert Tanner, Warden Timothy Hooper, Dr. Raman Singh, and Tamyra

Young filed a Motion to Dismiss (R. Doc. 151) on September 6, 2017. All three of these motions to dismiss assert, at least in part, the defense of qualified immunity.

## II. Law and Analysis

In support of the Motion to Stay Discovery filed by Secretary James LeBlanc, Warden Darrell Vannoy, Warden Robert Tanner, Warden Timothy Hooper, Raman Singh M.D., and Tamyra Young on September 15, 2017, Defendants suggest that all discovery should be stayed until all immunity issues are "resolved adversely and with finality." (R. Doc. 159 at 1). Defendants further suggest that they should not be subject to the cost and expense of discovery because their claim of qualified immunity is well-founded. (R. Doc. 159-1 at 2). In Opposition, Plaintiff argues first that the Defendants' Motion to Stay Discovery should be ignored because Defendants' Motions to Dismiss were untimely. (R. Doc. 166 at 2). Second, Plaintiff suggests that Defendants are only shielded from discovery that is "avoidable or overly broad," and that he should be permitted to conduced limited discovery related to the Defendants' qualified immunity defense. (R. Doc. 166 at 2-3).

Rule 26(c) of the Federal Rules of Civil Procedure allows the Court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

"Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). "The qualified immunity defense affords government officials not just immunity from liability, but immunity from suit." *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 525-26 (1985)). Qualified immunity shields government officials from individual liability for performing discretionary functions, unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

The Fifth Circuit has long held that an assertion of qualified immunity shields a government official from discovery that is "avoidable or overly broad." *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987). As clarification, the Court explained that it is only when the district court "is unable to rule on the immunity defense without further clarification of the facts" and when the discovery order is "narrowly tailored to uncover only those facts needed to rule on the immunity claim," that an order allowing limited discovery is neither avoidable nor overly broad. *Lion Boulos*, 834 F.2d at 507-08. However, discovery on the issue of qualified immunity "must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994 (5th Cir. 1995); *Brown v. Texas A & M Univ.*, 804 F.2d 327, 333 (5th Cir. 1986) ("[T]he issue of qualified immunity is a threshold question, and until this threshold immunity question is resolved, discovery should not be allowed.").

### A. Timeliness

The timeliness of Defendants' Motions to Dismiss is not properly before the Court on a motion requesting a stay of discovery, but rather in opposition to the motions to dismiss themselves. Furthermore, a review of the Oppositions (R. Docs. 150, 153, and 167) to the Motions to Dismiss (R. Docs. 146, 148, and 151, respectively) do not appear to raise a timeliness issue at all. The question before the Court is not whether Defendants' Motions to Dismiss have been timely filed, but rather, whether the assertion of a qualified immunity defense entitles Defendants to a stay in discovery. Thus, Plaintiff's argument as to timeliness is without merit.

### B. Stay of Discovery

Plaintiff's second argument is essentially that he should be entitled to conduct limited discovery related to the Defendants' qualified immunity defense. (R. Doc. 166 at 2-3). Defendants' Motion to Stay Discovery will not be denied on this ground for several reasons. The general principle is that, where a defendant or defendants have asserted a defense of qualified immunity, the issue of qualified immunity should be resolved as a threshold matter. The reason for this is clear: Officials subject to the defense of qualified immunity are not just immune from liability, but immune from suit. *See Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 525-26 (1985)). Courts have permitted limited discovery relevant to the defense of qualified immunity. The Fifth Circuit has stated that parties asserting qualified immunity "are not immune from all discovery, but only that which is 'avoidable or overly broad.'" *Vandagriff v. EFAC Inc.*, 71 F.3d 877, 1995 WL 725405, at *2 (5th Cir. 1995) (citing *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994 (5th Cir. 1995)).

The recognized exception, however, is not warranted here at this time. Discovery "must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if

true, would overcome the defense of qualified immunity." *Wicks v. Mississippi State Employment Servs.*, 41 F.3d 991, 994 (5th Cir. 1995). As noted above, the Fifth Circuit has explained that limited discovery is warranted only when the district court "is unable to rule on the immunity defense without further clarification of the facts." *Lion Boulos*, 834 F.2d at 507-08. The sufficiency of Plaintiff's pleadings, insofar as overcoming the defense of qualified immunity that would warrant limited discovery, is not before the Court on the Motion to Stay Discovery, and the pending Motions to Dismiss are not the subject of this Order. Plaintiff has not shown any need for discovery in his Opposition to the Motion to Stay Discovery, nor has he submitted any proposed discovery to be reviewed by the Court in his Opposition to the Motion to Stay Discovery. Further, the Court notes that the granting of the Defendants' Motion to Stay Discovery at this point in time would not hinder Plaintiff from seeking leave of Court to conduct limited discovery in the future, nor would it foreclose the Court from ordering limited discovery and briefing to aid resolution of the pending motions to dismiss, should the Court such discovery prudent.

### C. Discovery Deadlines

Defendants have also filed a Motion to Reset Discovery Deadlines (R. Doc. 160), which is unopposed by Plaintiff. This instant case is not, however, currently subject to a Scheduling Order such that there appear to be no deadlines to be reset.

### III. Conclusion

Based on the foregoing, the Court concludes that a stay of discovery in this action is warranted in light of Defendants' asserted qualified immunity defense.

**IT IS ORDERED** that Defendant's Motion to Stay Discovery (R. Doc. 159) **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Reset Discovery Deadlines (R. Doc. 160) is **DENIED** as premature.

The parties are reminded that should a ruling be issued on the pending Motions to Dismiss, counsel for Plaintiff shall contact chambers at (225) 389-3602 to advise of the rulings and request a scheduling conference, if necessary.

Signed in Baton Rouge, Louisiana, on October 10, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**